THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **ASHLEY HOGAN,**<br><br>       **Plaintiff,**<br><br>v.<br><br>**INTERNATIONAL PAPER COMPANY,**<br>a New York Corporation;<br>**QUINN EADES; CAROL BEASLEY; and**<br>**JOHN DOES 1 through 20 inclusive,**<br><br>       **Defendants.** | No: _____<br><br>*Jury Demanded* |

## COMPLAINT

COMES NOW Ashley Hogan, Plaintiff, by and her attorneys Huffman Mason Law Firm and for her Complaint states:

### Parties

1.      Plaintiff Ashley Hogan is and was at all times relevant to this Complaint a resident of Shelby County, Tennessee.

2.      Defendant International Paper Company ("IP") is and was at all times relevant to this Complaint a corporation organized under the laws of the State of New York, with its principal place of business located at 6400 Poplar Avenue, Memphis, TN 38197-0100.

3.      Defendant Quinn Eades is and was at all times relevant to this Complaint a resident of Shelby County, Tennessee.

4. Defendant Carol Beasley is and was at all times relevant to this Complaint a resident of Shelby County, Tennessee.

5. The true names and capacities, whether individual, corporate, partnership, associate, or otherwise, of each of the Defendants designated herein as DOE are unknown to Plaintiff and therefore, Doe Defendants are sued by fictitious names.  Plaintiff will ask leave of Court to amend this Complaint to show their true names and capacities when ascertained.  Plaintiff is informed and believes and alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner and liable for the events and happenings alleged and in such manner, proximately caused damages to Plaintiff.

## Jurisdiction and Venue

6. This is an action brought for damages to redress the violation of rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq*.

7. This Court has personal jurisdiction over the parties.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

10. Plaintiff Hogan submitted a Charge of Discrimination to the Equal Employment Opportunity Commission ("EEOC") for discrimination claims under their purview.  Such claim number is 490-2016-02428, and is currently under investigation by the EEOC.  Thus a Right to Sue letter has not yet issued.

## General Allegations of Fact

11. Plaintiff was employed by Defendant IP for approximately eleven (11) years.

12. Plaintiff is an FMLA "eligible employee" under 26 U.S.C. § 2611(2).

13. Defendant IP is located within the Western District of Tennessee and is an employer within the provisions of the FMLA, specifically under 29 U.S.C. § 2611(4)(A).

14. At all times relevant to this action, Defendant IP has been engaged in commerce as defined by 29 U.S.C. § 2611(1) of the FMLA.

15. Defendants Eades, Beasley, and John Does 1-20 are employees and agents of Defendant IP and had exercised control over Plaintiff's employment and the decision to terminate. Defendants Eades and Beasley and John Does 1-20 are employers under the FMLA pursuant to 29 U.S.C. §2611(4)(A)(ii).

16. Defendants are bound by the rules and regulations of the Family and Medical Leave Act

17. In June 2015, Ms. Hogan informed Theodore Branch, team leader, of her medical issues. Because of medications prescribed her, she needed extra time some mornings to get ready for work. Ms. Hogan still complied with normal company policies regarding tardiness and reporting.

18. Ms. Hogan was written up for arriving late after she gave notice of her medical issues and intention to seek FMLA protection. Once Ms. Hogan's doctors provided certification for FMLA leave, Defendant Beasley refused to remove a write-up for tardiness made after FMLA notice was given.

19. In November 2015, Ms. Hogan was certified for intermittent leave under FMLA.

20. Shortly before termination, Ms. Hogan was chosen for another position as an SAP technical analyst. This position provided an increase in pay and benefits.

21. Ms. Hogan was terminated on February 2, 2016. Defendant Eades and

Beasley were responsible for the decision to terminate Plaintiff Hogan.

22. Management cited specifically tardiness as the reason for termination. Tardiness relied upon by IP occurred during the period Ms. Hogan was certified for protected intermittent FMLA leave.

23. Other similarly situated employees had just as many days tardy, did not avail themselves of the FMLA, and were not terminated for tardiness.

## Causes of Action

### Count I – Violation of the Family and Medical Leave Act (Interference)

24. Plaintiff re-alleges the foregoing Paragraphs 1-23 as if fully set out herein.

25. The FMLA prohibits any employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the [FMLA]." 29 U.S.C. § 2615 (a)(1)(West 2018).

26. Defendants violated 29 U.S.C. § 2615(a)(1) by interfering with, restraining and/or denying Plaintiff Hogan the exercise of or the attempt to exercise her rights under the FMLA, including, but not limited to, using Plaintiff's leave and exercise of FMLA rights as a "negative factor" in her employment and/or discipline status.

27. Defendants subjected Plaintiff Hogan to an adverse employment action, to wit: terminating her.

28. Defendants' adverse employment action would not have occurred but for Plaintiff Hogan's participation FMLA leave.

29. As a direct and proximate cause of Defendants' acts or omissions, Plaintiff has suffered severe mental anguish, lost wages, lost fringe benefits, lost earning capacity, and have incurred expenses which would not otherwise have been incurred, and incurred

other such special damages in an amount to be proven at trial.

30. Defendants' actions have been so egregious as to warrant the imposition of punitive damages.

### Count II – Violation of the Family and Medical Leave Act (Retaliation)

31. Plaintiff re-alleges the foregoing Paragraphs 1-30 as if fully set out herein.

32. The FMLA provides "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the FMLA]." 29 U.S.C. § 2615(a)(2) (West 2018)

33. Defendants violated the provisions of Section 2615(a)(2) of the FMLA by discharging and/or unlawfully discriminating against the Plaintiff for exercising her rights under the FMLA (e.g. by taking FMLA qualifying leave).

34. As a direct and proximate cause of Defendants' acts or omissions, Plaintiff has suffered severe mental anguish, lost wages, lost fringe benefits, lost earning capacity, and have incurred expenses which would not otherwise have been incurred, and incurred other such special damages in an amount to be proven at trial.

35. Defendants' actions have been so egregious as to warrant the imposition of punitive damages.

### Count III – Civil Conspiracy

36. Plaintiff re-alleges the foregoing Paragraphs 1-35 as if fully set out herein.

37. This is an action for a civil conspiracy.

38. By virtue of the facts alleged herein, Defendants have conspired to deprive Plaintiff of her property and reputation in violation of the Tennessee state common law and federal law. Accordingly Plaintiff sues Defendants for the Tennessee state tort of

conspiracy.

39. Defendants IP, Eades, Beasely, and Does 1-20 acted in concert, conspiring to violate the protections afforded Plaintiff under the law.

40. As a direct and proximate cause of Defendants' acts or omissions as alleged herein, Plaintiff has and is suffering severe mental anguish, lost reputation, incurred property loss, and has incurred expenses which would not otherwise have been incurred, and incurred other such special damages in an amount to be proven at trial.

41. Due to such conspiracy, Defendants are liable to Plaintiff in an amount in excess of that required to confer federal diversity jurisdiction.

42. Defendants' actions have been so egregious so as to warrant the imposition of punitive damages.

43. Indeed Defendants' actions have been willful, wanton, and an intentional attempt to deprive Plaintiff of her constitutionally guaranteed rights.

## Jury Demand

44. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiff seeks a Jury Trial in this case and prays:

1st   That process issue requiring the Defendants to appear and answer this Complaint in then manner and within the time required by law.

2nd   That the Plaintiff be awarded appropriate compensatory damages.

3rd   That the Plaintiff be awarded appropriate punitive damages.

4th   That the Plaintiff be awarded their reasonable attorneys' fees and costs as

allowed by law.

     5th    That Plaintiff be awarded such appropriate equitable relief allowed by law.

     6th    That the Plaintiff be awarded such other further and general relief to which the Plaintiff may be entitled.

                                                   Respectfully submitted,
                                                   ASHLEY HOGAN

By: _____
Bryan R. Huffman, B.P.R. 030050
HUFFMAN MASON
P.O. Box 944
131 W. Liberty Ave.
Covington, TN 38019
(901) 726-3854
(901) 726-3539 (Facsimile)
bryan@huffmanfirm.com